IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

EMMETT Z. QUINN,

            Petitioner,

                                    MEMORANDUM AND ORDER

   v.

                                        06-CR-22-S-01

UNITED STATES OF AMERICA,

            Respondent.
_____

     Petitioner Emmett Z. Quinn moved to vacate his sentence pursuant to 28 U.S.C. §2255 on two grounds: that his plea was involuntary because his attorney made promises and threats to him and that his attorney Rick Coad failed to take an appeal after he requested him to do so.  An evidentiary hearing was held before the Court on Friday, November 9, 2007.  Petitioner appeared in person and by his attorney Jonas Bednarek.  The government appeared by Assistant United States Attorney, Timothy O'Shea.

FACTS

     Based on the testimony at the hearing together with the exhibits provided, the Court finds the following facts.

     On March 31, 2005 petitioner pled guilty before the Honorable Barbara B. Crabb to one count of knowingly and intentionally possessing a mixture containing cocaine base with intent to distribute the same pursuant to a written plea agreement.

Petitioner was represented by Attorney Richard A. Coad of the Federal Defender Service of Wisconsin.

A sentencing hearing was held before Judge Crabb on June 20, 2006. At the hearing Judge Crabb determined that petitioner had a total offense level of 29 with a Criminal History Category V, resulting in an advisory guideline range of 140-175 months, but that a Criminal History of V overstated the seriousness of petitioner's criminal history. Judge Crabb concluded that petitioner should be at a Criminal History of IV resulting in an advisory guideline range of 121-151 months. She then sentenced petitioner to 121 months in prison to be followed by three years supervised release.

At said hearing Richard Coad testified that it was his normal practice to meet with his clients after sentencing and inform them of their appeal rights. He has no recollection of speaking to petitioner after his sentencing, but has no reason to believe that he would not have followed his normal practice of advising his client of his appellate rights. He testified that he took his obligation to advise clients of their appeal rights very seriously.

He also testified that he believed since Judge Crabb had reduced petitioner's criminal history score petitioner was satisfied with his sentence. He further testified that he believed there to be no issues to be pursued on appeal.

At said hearing petitioner's mother, Fannie Quinn, testified that she knew her son wanted to appeal and that she had discussed an appeal with Attorney Coad. Petitioner testified that he wanted to appeal his judgment of conviction. His testimony was ambiguous as to when he conveyed his desire to appeal to Attorney Coad.

On August 10, 2006 petitioner wrote a letter to Attorney Coad which said in pertinent part, "I would also like to know if I have the right to exercise the option to file for an appeal?" This statement by petitioner on August 10, 2006 implies that he had not previously explicitly advised Attorney Coad to appeal his judgment of conviction. A copy of said letter is attached as Exhibit A.

MEMORANDUM

Petitioner advised the Court at the evidentiary hearing that he is not pursing his claim that his guilty plea was involuntary. The Court addresses the merit of petitioner's claim that he told his attorney to appeal his judgment of conviction and failed to do so.

In <u>Castellanos v. U.S.</u>, 26 F.3d 717, 719 (7th Cir. 1994), the United States Court of Appeals for the Seventh Circuit held that it was ineffective assistance of counsel when counsel failed to file an appeal when so requested by the client.

Attorney Coad testified that although he did not recall advising petitioner of his appeal rights it was his normal practice

3

to do so. He further testified that there was no reason he would have deviated from his normal practice in this case because he took his obligation to do so seriously. Neither petitioner nor his mother testified that they specifically told Attorney Coad to file an appeal within the ten day time limit. In fact, petitioner's August 10, 2006 letter confirms that petitioner had not previously informed his attorney to file an appeal.

Petitioner did not advise his attorney to file an appeal. Almost two months after his sentencing (which was outside the time limit to file an appeal) petitioner asked his attorney by letter if he could appeal. Petitioner's counsel was not ineffective according to Castellanos. Petitioner's 28 U.S.C. §2255 motion will be denied.

Petitioner also moved pro se to alter or amend judgment and to compel discovery. The motion to alter or amend judgment relates to the portions of Judge Crabb's July 30, 2007 decision in which she denied portions of his petition. This motion is premature because no final judgment has been entered and will be denied. Petitioner's motion to compel discovery will be denied because it requests information not necessary for the resolution of his §2255 motion.

Petitioner is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his motion under

28 U.S.C. § 2255 be denied.  See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that petitioner's 28 U.S.C. §2255 motion is DENIED.

IT IS FURTHER ORDERED that petitioner's motions to alter or amend judgment and to compel discovery are DENIED.

Entered this 15th day of November, 2007.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge